UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY SHRONE PERSON,<br><br>                Plaintiff,<br><br>   v.<br><br>RAMONA M. JONES, et al,<br><br>                Defendant. | CASE NO. 3:23-cv-05926-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

      Plaintiff is serving a 23-year prison sentence at the Coyote Ridge Correctional Center for convictions in 2021 for numerous counts of Child Rape in the First, Second and Third Degree, and Child Molestation in Mason County Superior Court Case Number 20-1-00147-23. *See Person v. State of* Washington, 3:22-cv-05863-DGE (habeas petition dismissed, February 6, 2023).

      Before the Court is one of several *pro se* pleadings Plaintiff has filed that is related to his 2021 Mason County criminal prosecution and conviction. The Court has reviewed Plaintiff's present pleadings and for the reasons stated below recommends the present complaint be DISMISSED with prejudice and that the DISMISSAL be considered a strike under 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a) and (b).

REPORT AND RECOMMENDATION - 1

# DISCUSSION

## A.   Legal Standards

The Court screens complaints filed by detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

## B.   The Complaint

Plaintiff's complaint was filed in the Western District of Michigan and ordered transferred to this District on the grounds the complaint challenges Plaintiff's 2021 Mason County criminal prosecution and conviction. *See* Dkt. 8. As the order of transfer details, Plaintiff sues his former wife, crime victims, and law enforcement officials and prosecutors involved in his 2021 Mason County conviction. *Id.* at 1. Plaintiff claims he, his wife, and his children moved from Washington to Michigan and that "fraudulent child sexual abuse allegations" were made against him. *Id.* Plaintiff was arrested in Michigan and extradited to Washington, which Plaintiff claims was improper. *Id.* at 2. Plaintiff also claims he disclosed the allegations against him were false, but he was nonetheless convicted of 10 counts of sexual assault and sentenced by the Mason County Superior Court to 23-years of imprisonment. *Id.*

The order of transfer indicates Plaintiff's convictions were affirmed by the Washington State Courts, and Plaintiff filed a federal habeas petition in the Western District of Washington. *See Anthony Shrone Person v. Melissa Andrewski*, 3:23-cv-5434-BJR-TLF. The Court in the Eastern District of Michigan concluded because "Plaintiff's complaint appears to contest the criminal charges filed in Mason County, his extradition to Washington, and the Mason County

REPORT AND RECOMMENDATION - 2

1  criminal convictions," and because Plaintiff wants to file criminal charges against individuals
2  regarding the Mason County convictions, venue lies in the Western District of Washington. *See*
3  Dkt. 8 at 3-4.

4  **C.     The Complaint Should be Dismissed**

5        The present complaint should be dismissed for several reasons. First, the present
6  complaint is duplicative of other complaints and challenges that Plaintiff has filed. Plaintiff
7  earlier filed another virtually identical complaint that named the same Defendants, and makes the
8  same allegation *See Person v. Jones, et al.,* 3:23-cv-05755-DGE-MLP; *see also Person v.*
9  *Andrewski*, 3:23-cv-05628-JCC (dismissal of complaint alleging the same defendants in the
10 present case caused Plaintiff to be unlawfully arrested, extradited, and convicted).

11       Courts have uniformly agreed that at a minimum, a malicious lawsuit is one that is
12 duplicative of another federal lawsuit involving the same plaintiff and defendant. *See, e.g.,*
13 *McWilliams v. Colorado*, 121 F.3d 573 (10th Cir. 1997) (affirming dismissal of § 1983
14 complaint as frivolous where it duplicated a prior federal lawsuit); *Pittman v. Moore*, 980 F.2d
15 994, 994–95 (5th Cir. 1993) (affirming dismissal of duplicative complaint under pre–PLRA
16 version of 28 U.S.C. § 1915(e)); *Murillo v. Taylor*, 2015 WL4488060, at *15–16 (S.D. Cal. July
17 22, 2015); *Meadows v. Woods*, 156 F.R.D. 165, 166 (W.D. Tenn 1994) (dismissing complaint as
18 frivolous under pre-PLRA version of 28 U.S.C. § 1915(e)); *Adams v. California Department of*
19 *Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to
20 maintain two separate actions involving the same subject matter at the same time in the same
21 court against the same defendant.").

22
23

REPORT AND RECOMMENDATION - 3

As Plaintiff already has filed other complaints against the same Defendants raising the same allegations, the present complaint is impermissibly duplicative and should be dismissed with prejudice.

Second, Plaintiff claims he was convicted based upon "fraudulent child sexual abuse allegations," was improperly extradited to Washington to face criminal charges filed in Mason County, and despite the falsity of the allegations he was nonetheless convicted of 10 counts of sexual assault and sentenced by the Mason County Superior Court to 23-years of imprisonment.

Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A civil rights complaint cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The Court notes that earlier complaint that Plaintiff filed challenging his Mason County convictions was dismissed as barred under *Heck. See Person v. Andrewski*, 3:23-cv-05628-JCC. Plaintiff's present complaint is also subject to the *Heck* bar as his Mason County convictions have not been reversed or vacated.

REPORT AND RECOMMENDATION - 4

And third, the present complaint is entitled "Motion: Commence Criminal Proceedings." Plaintiff alleges there is "probable cause" that Defendants violated the law. "[T]he decision to file criminal charges is solely within the authority of prosecutors[.]" *Johnson v. U.S.*, 2014 WL 2621359, *5 (N.D. Cal. June 12, 2014); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution of another); *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wash. App. 201, 213-14 (2013) ("the power to prosecute criminal acts is vested in public prosecutors"). As the decision to commence criminal proceedings against Defendants is solely within the purview of the state prosecutor's office, Plaintiff 's request that criminal proceedings be initiated by the Court is not a cognizable cause of action or basis for relief and should be dismissed for failure to state a claim upon which relief may be granted.

**D.      The Dismissal of this Case Should be Deemed a "Strike"**

The Ninth Circuit has expressly recognized that a duplicative suit is either frivolous or malicious, and thus the dismissal of such a suit qualifies as a strike under the PLRA. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that a duplicative complaint is either frivolous or malicious); *LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike) (citation omitted).

Here Plaintiff's present complaint is duplicative of at least two other complaints he earlier filed, one of which has already been dismissed. Dismissal of the present complaint should accordingly be deemed a "strike" under the PLRA.

Additionally, the complaint requests that criminal proceedings be initiated by the Court against the named Defendants. The request is fails to state a claim for relief because as noted above, Plaintiff lacks the ability to bring criminal charges against Defendants, and the Court thus

lacks the ability to grant Plaintiff's request that the named Defendants be criminally prosecuted. The complaint should be deemed a strike because the complaint fails to state a claim upon which relief may be granted.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Plaintiff shall therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 30, 2023.** The Clerk should note the matter for **November 3, 2023**, as ready for the District Judge's consideration.

The failure to timely object may affect the right to appeal.

DATED this 16th day of October, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge