HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY SHRONE PERSON,

    Plaintiff,

v.

RAMONA M. JONES, *et al*.,

    Defendants.

Case No. 3:23-cv-05926-RAJ

**ORDER**

## I.   INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Anthony Person's Motion for Reconsideration/Objection to Strike Due to Invited Error (Dkt. # 15), Memorandum to Court Exhibit (Dkt. # 16), Objection to Court Order Dismissing Plaintiff's Case (Dkt. # 17), and Motion for Full and Fair Investigation Pursuant to 603.02 Fed. Crim Procedure (Dkt. # 18). Having reviewed the pleadings, the record, and relevant law, the Court **DENIES** Plaintiff's Motions.

## II.   BACKGROUND

In August 2023, Plaintiff filed a complaint in the Western District of Michigan against his ex-wife Ramona Jones and several others alleging civil rights violations in

ORDER – 1

connection with his extradition from Michigan to Washington and his subsequent conviction for sexual assault in Mason County Washington. Dkt. # 1 (Complaint). The matter was soon transferred from the Western District of Michigan to this District, since most of the alleged wrongful conduct occurred in Mason County and Plaintiff's allegations appeared to be related to a federal habeas corpus action also pending in this District. Dkt. # 8; *see also Anthony Shrone Person v. Melissa Andrewjski*, No. 3:23-cv-5434 (W.D. Wash.). Plaintiff is currently serving a 23-year prison sentence at Coyote Ridge Correctional Center for convictions for Child Rape in the First, Second, and Third Degree and Child Molestation in Mason County Superior Court Case Number 20-1-00147-23. *See* Dkt. # 11.

On November 17, 2023, this Court adopted the Report and Recommendation of the Honorable Brian Tsuchida dismissing Plaintiff's complaint with prejudice and considering the dismissal a strike under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(a) and (b). Dkt. # 13, 14. Plaintiff then filed four motions: Motion for Reconsideration/Objection to Strike Due to Invited Error (Dkt. # 15), Memorandum to Court Exhibit (Dkt. # 16), Objection to Court Order Dismissing Plaintiff's Case (Dkt. # 17), and Motion for Full and Fair Investigation Pursuant to 603.02 Fed. Crim Procedure (Dkt. # 18). Each motion, including the Motion for Reconsideration/Objection to Strike, expresses similar opposition to the dismissal of his complaint, and as such, this Court will construe these motions as requests for reconsideration.

### III.   DISCUSSION

Motions for reconsideration are governed by Local Rule 7(h), which provides the following:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

ORDER – 2

Local Rules W.D. Wash. LCR 7(h)(1). A motion for reconsideration must be filed within fourteen days after the order to which it relates is filed. LCR 7(h)(2).

      Plaintiff again challenges his Mason County criminal convictions in the pending motions. Dkt. # 17, 18. However, because these convictions have not been reversed or vacated, Plaintiff's due process challenge remains barred by *Heck v. Humphrey*, which precludes § 1983 claims that would render a conviction or sentence invalid where the conviction has not been reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 487 (1994); *see also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (Plaintiff's § 1983 due process challenge to his arrest and charges barred by *Heck*). Plaintiff's motions indicating that he seeks to pursue criminal, and not civil, charges against Defendants is similarly subject to dismissal. *See* Dkt. # 15, 16. "The decision to file criminal charges is solely within the authority of prosecutors." *Johnson v. U.S.*, 2014 WL 2621359, *5 (N.D. Cal. June 12, 2014); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution of another); *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wash. App. 201, 213-14 (2013) ("the power to prosecute criminal acts is vested in public prosecutors"). In each motion, Plaintiff fails to present new facts or legal authority compelling a different result than dismissal with prejudice. Plaintiff's motions for reconsideration are therefore **DENIED**.

ORDER – 3

## IV. CONCLUSION

Plaintiff has failed to demonstrate manifest error in the Court's prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Therefore, the Court **DENIES** Plaintiff's Motion for Reconsideration/Objection to Strike Due to Invited Error (Dkt. # 15), Memorandum to Court Exhibit (Dkt. # 16), Objection to Court Order Dismissing Plaintiff's Case (Dkt. # 17), and Motion for Full and Fair Investigation Pursuant to 603.02 Fed. Crim Procedure (Dkt. # 18).

DATED this 29th day of February, 2024.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4